UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ROY SMITH,

    Plaintiff,

v.

Case No. 15-11392
HON. AVERN COHN

MITCH PERRY,

    Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This is a <u>pro se</u> civil rights case under 42 U.S.C. § 1983. Michigan prisoner Brian Roy Smith, currently confined at the Newberry Correctional Facility, challenges his state criminal proceedings.[1] Plaintiff names the warden at the Newberry Correctional Facility as defendant and is suing him in his official capacity. Plaintiff seeks reversal of his convictions and release from custody. Plaintiff has been granted permission to proceed without prepayment of the filing fee for this action. <u>See</u> Doc. 3. As will be explained, the complaint must be dismissed because it fails to state a claim upon which relief may be granted.

---

[1]Plaintiff was convicted of multiple counts of possession of child sexually abusive material or activity and using a computer to commit a crime pursuant to a plea in the Genesee County Circuit Court and was sentenced to terms of five to 20 years imprisonment in 2013. <u>See</u> Offender Profile, Michigan Offender Tracking Information System, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=239833.

## II.  Legal Standard

The Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Finally, a pro se civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

## III.  Discussion

Plaintiff's claims concern his state criminal proceedings.  Although a claim under § 1983 is appropriate for a challenge to a condition of imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), it is not appropriate to challenge the validity of a conviction leading to confinement, as plaintiff attempts to do here.  In Heck v.

Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254  This holds true regardless of the relief sought by the plaintiff.  Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

Here, if plaintiff were to prevail on his claims regarding his criminal convictions, his convictions, sentences, and continued confinement would be called into question.  This is not permissible under Heck.  As such, his claims must be dismissed.

### IV.  Conclusion

For the reasons stated above, plaintiff fails to state a claim upon which relief may be granted.  Accordingly, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v.

United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2015
       Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 23, 2015, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160